IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

IN RE:     JOHNNY L. SHEPPARD, JR., and          Case No. 10-33959-KRH
           CHRISTINA A. SHEPPARD,                Chapter 13

                     Debtors.

## MEMORANDUM OPINION

Before the Court is the Motion to Determine Fees, Expenses or Charges (the "Motion") filed by the Chapter 13 Trustee, Carl M. Bates (the "Trustee"), pursuant to Rule 3002.1(e) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").[1] The Trustee's Motion asks the Court to address a number of issues presented by a Notice of Postpetition Mortgage Fees, Expenses, and Charges (the "Notice") filed by SunTrust Mortgage, Inc. ("SunTrust"). A hearing was held on March 21, 2012, at which the Trustee, counsel for SunTrust and counsel for the Debtors presented oral argument. At the conclusion of the hearing, the Court invited the parties to submit legal memoranda in support of their respective positions.[2] For the reasons set forth herein, the Court holds that (i) the Notice filed by SunTrust does not conform with the requirements of Bankruptcy Rule 3002.1, (ii) SunTrust is not entitled to recover payment for any fees and costs included in the Notice, and (iii) the Trustee is not required to make payments from estate property based upon notices filed under Bankruptcy Rule 3002.1 to supplement proofs of claim.

The Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the general order of reference from the United States District Court for the Eastern

---

[1] This case is representative of several currently before the Court in the Richmond Division. Chief Judge Tice concurs with the legal conclusions set forth herein.

[2] The Court received one legal memorandum submitted on behalf of SunTrust. *See* Memorandum [Docket No. 46].

District of Virginia dated August 15, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O), in which final orders or judgments may be entered by a bankruptcy court. Venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Facts and Procedural Posture

Johnny L. Sheppard, Jr. and Christina A. Sheppard (the "Debtors") commenced this bankruptcy case by filing a petition on June 2, 2010 (the "Petition Date"), under Chapter 13 of the United States Bankruptcy Code.[3] The Debtors' Chapter 13 Plan (the "Plan") was confirmed on September 1, 2010 (the "Confirmation Date"). The Plan provided that secured creditors, including SunTrust, would receive payments directly from the Debtors outside the Plan. As of the Petition Date, SunTrust held first and second priority liens on the Debtors' principal residence in the amounts of $231,000 and $29,157, respectively. Over the course of the year following the Confirmation Date, the Debtors fell behind on their mortgage payments to SunTrust, prompting SunTrust to file a Motion for Relief from Stay under § 362 of the Bankruptcy Code (the "Motion for Relief") on September 21, 2011.

The Motion for Relief was settled by a consent order entered by the Court on November 10, 2011 (the "Consent Order"). The Consent Order provided for the Debtors to resume making regular monthly mortgage payments to SunTrust and to "cure the post-petition arrearage currently due to [SunTrust] through October 31, 2011, in the total amount of $6,164.63 which includes late charges, deferred late charges, filing fees and attorney's fees, by filing a modified Chapter 13 plan . . . providing for payment of a claim for the post-petition arrearages, attorney's fees and costs due the Movant." Consent Order Modifying Automatic Stay [Docket No. 31]. The Consent Order permitted SunTrust to file an amended secured proof of claim in the amount

---

[3] 11 U.S.C. § 101 et seq. (hereinafter the "Bankruptcy Code").

2

of $6,164.63 "constituting the post-petition arrearages . . . [as well as] attorney's fees and costs incurred relative to the filing and resolution of the Motion for Relief from Stay." *Id.*

SunTrust accordingly filed an amended proof of claim for the agreed upon arrearage amount of $6,164.63 on November 14, 2011 (the "Amended Proof of Claim"). The Amended Proof of Claim itemized the arrearage amount as consisting of $5,142.96 for three missed postpetition payments, $221.67 for three postpetition late charges, and $800 for "bankruptcy attorney's fees and costs." On January 23, 2012, the Debtors filed their modified Chapter 13 plan (the "Amended Plan") which provided for the payment to SunTrust of "Post-Petition Arrears (Per Consent Order)" in the amount of $6,254.63 over a period of eighteen months. Amended/Modified Chapter 13 Plan and Related Motions [Docket No. 36]. The Amended Plan was confirmed on March 6, 2012.

On January 24, 2012, SunTrust filed its Notice under Rule 3002.1(c) asserting $800 in attorney fees and $150 in filing fees and court costs incurred with respect to the Motion for Relief. The Notice recites that the charges were incurred on December 30, 2011, sets forth the amount of the charges, and describes that the charges were for postpetition "BANKRUPTCY EXP" and "BK ATTY FEES."[4]  On February 17, 2012, the Trustee filed the Motion under Rule 3002.1(e) to determine whether the charges incurred by SunTrust "are required by the underlying agreement and applicable nonbankruptcy law to cure a default or maintain payments in accordance with section 1322(b)(5) of the Bankruptcy Code."

## Discussion

Bankruptcy Rule 3002.1 was adopted to resolve significant and often hidden problems encountered by Chapter 13 debtors who utilized § 1322(b)(5) of the Bankruptcy Code to cure

---

[4] Several unintelligible internal tracking codes were also included. No further detail or explanation was provided.

3

mortgage defaults in their confirmed plans.[5]  While debtors could cure an arrearage on their principal residence under § 1322(b)(5), they often incurred significant fees and other costs as a result of postpetition defaults or from interest or escrow fluctuations under the terms of the original loan documents.  Fearful that any attempt to address these fees and charges could be construed as a violation of the automatic stay, many creditors would not inform debtors that these charges had been incurred until after the Chapter 13 case was closed.  As the fees and charges were postpetition obligations not included in the plan and thus not discharged at the conclusion of the case, these debtors would emerge from bankruptcy only to face a substantial and previously undisclosed arrearage.  This outcome was inconsistent with the goal of providing debtors with a fresh start.

Bankruptcy Rule 3002.1 attempts to remedy this problem by requiring creditors to provide debtors with timely notice of any charges or payment changes that may occur postpetition.  Specifically, Rule 3002.1(c) requires that holders of claims secured by an interest in the debtor's principal residence and provided for under § 1322(b)(5) must "file and serve on the debtor, debtor's counsel, and the trustee a notice itemizing all fees, expenses, or charges (1) that were incurred in connection with the claim after the bankruptcy case was filed, and (2) that the holder asserts are recoverable against the debtor or against the debtor's principal residence" within 180 days after the date on which the fees, expenses, or charges are incurred.  Bankruptcy Rule 3002.1(d) specifies that the notice shall be prepared using Official Form B10 (Supplement 2) and filed as a supplement to the holder's proof of claim.  Upon receipt of the notice, a debtor or trustee may file a motion requesting that the court determine whether any fee, expense, or

---

[5]  Section 1322(b)(5) of the Bankruptcy Code covers other types of arrearages as well.  It permits a debtor to maintain contract payments during the course of a plan, without acceleration based upon a prepetition default, by proposing to cure the default within a reasonable time.

charge is required by the underlying agreement and applicable non-bankruptcy law. Fed. R. Bankr. P. 3002.1(e).

As a final safeguard, Rule 3002.1(f) requires the trustee, within thirty days of the debtor's completion of payments under the plan, to file and serve on the holder of a claim, the debtor, and debtor's counsel a notice stating that the debtor has successfully paid the amount required to cure any default on the claim. Rule 3002.1(g) then gives the creditor twenty-one days to file and serve "a statement indicating (1) whether it agrees that the debtor has paid in full the amount required to cure the default on the claim, and (2) whether the debtor is otherwise current on all payments consistent with § 1322(b)(5) of the Code." If the creditor contends that any amounts remain unpaid, the creditor must itemize any arrearages still due and owing. Fed. R. Bankr. P. 3002.1(g).

Under the terms of the loan documents in the instant case, SunTrust has the right to recover "all of its costs and expenses in enforcing [its] Note" and "fees for services performed in connection with Borrower's default . . . including, but not limited to, attorneys' fees, property inspection fees, and valuation fees." *See* Note and Deed of Trust attached to Amended Claim No. 4. The attorneys' fees and court costs identified by SunTrust in its Notice fall within the permissible charges that may be recovered by SunTrust as a result of the Debtors' default.

However, the Debtors have already made provision for the payment of SunTrust's fees, expenses and charges described in the Notice under their Amended Plan. The Consent Order resolved these issues by requiring the Debtors to file a modified plan providing for the payment of postpetition arrearages "in the amount of $6,164.63 *which include[d] late charges, deferred late charges, filing fees, and attorney's fees*." Consent Order [Docket No. 31] (emphasis added). The Debtors accordingly filed a modified plan providing for the payment of $6,254.63 in

5

postpetition arrearages to SunTrust. Confirmation of the modified plan resolved any and all fees, expenses, and charges incurred as a result of the default. SunTrust may not assert further liability for fees, expenses, or charges unless the Debtors default in their payment obligation under the modified plan.[6]

SunTrust contends that it filed the Notice in order to comply with the seemingly strict requirements of Bankruptcy Rule 3002.1(c).[7] The plain language of the rule does not explicitly make any exception to the filing requirement. However, Bankruptcy Rule 3002.1 does require creditors to use Official Form B10 (Supplement 2). That Official Form provides that a creditor asserting post-petition fees, expenses, or charges must include on the form "any amounts [not] previously itemized in a notice filed in this case *or ruled on by the bankruptcy court*" (emphasis added). The fees, expenses, and charges that were adjudicated in the Consent Order were "ruled on" by the Court; and, therefore, they should not have been included in the separate Notice filed by SunTrust under Rule 3002.1(c).

While the language of the rule itself does not explicitly make this exception, the Court finds that exempting postpetition fees, expenses, and charges that have been previously ruled on by the Court as instructed on the Official Form best effectuates the ultimate goal of Rule 3002.1 to provide debtors with accurate information regarding postpetition obligations that await them at the conclusion of their bankruptcy case. Requiring creditors to file a separate notice under Rule

---

[6] The Court notes the discrepancies in the filings with respect to the total amount of the fees, expenses, and charges incurred by SunTrust. While the breakdown of the arrearage attached to Amended Claim 4-2 states that the Debtors owed $6,164.63 including $800 for "bankruptcy attorney's fees and costs," the Notice states that the Debtors owe $800 for attorney's fees and $150 for filing fees and court costs. As the Consent Order endorsed by the parties and entered by the Court states that the $6,164.63 to be paid through the modified plan included "filing fees and attorney's fees," this sum constitutes the extent of the Debtors' liability resulting from the default. The Consent Order controls any discrepancy over the amount of the fees owed and SunTrust may not now demand payment for additional costs that were not approved in the order.

[7] If a creditor fails to serve the notice of fees, expenses and charges, the creditor may be precluded from presenting any omitted information as evidence in any contested matter or adversary proceeding in the case. *See* Fed. R. Bankr. P. 3002.1(i)(1).

6

3002.1(c) for amounts previously ruled on by the Court will result in duplicative notices and once again create uncertainty as to the total sums for which debtors will be liable upon emerging from bankruptcy.

The Trustee's Motion also seeks clarification whether the Notice should be construed as a claim or a demand for payment that the Trustee is required to pay through the case. The Trustee is obligated to pay allowed claims in accordance with the confirmed plan. Fed. R. Bankr. P. 3020 ("[A]fter a plan is confirmed, distribution shall be made to creditors whose claims have been allowed.")[8] The Trustee has no obligation, and indeed has no authority, to pay fees, expenses or charges identified in a notice filed in accordance with Bankruptcy Rule 3002.1. Bankruptcy Rule 3002.1(d) requires that a notice of postpetition fees, expenses, or charges be filed as "a supplement to the holder's proof of claim." Had it been the intent of the drafters that a notice filed under Bankruptcy Rule 3002.1 should be construed as a claim or as a demand for payment, the rule would have simply required that the notice be filed as an amended proof of claim instead of as a supplement thereto. A creditor that wants to be paid for postpetition fees or charges through the Chapter 13 Plan must file a formal amended proof of claim. 11 U.S.C. § 1305.

Finally, the Court would note that as explained in the official commentary of the Advisory Committee on Bankruptcy Rules, the supplement to the holder's proof of claim should be filed in the claims register -- not on the court's docket. Fed. R. Bankr. P. 3002.1 advisory committee's note. *Accord In re Carr*, 2012 Bankr. LEXIS 1161, at *5 (Bankr. E.D. Va. March 19, 2012). The notice required by Bankruptcy Rule 3002.1 is not intended to be either a pleading or a claim. It is simply a statement that a creditor files to inform the debtor that postpetition

---

[8] Section 501 of the Bankruptcy Code sets forth the manner in which claims may be filed while section 502 of the Bankruptcy Code governs how claims may be allowed.

expenses have been incurred. It is akin to "providing an annual escrow statement." *Id*. Filing the Bankruptcy Rule 3002.1 supplement should be an administrative function that the creditor can accomplish entirely on its own without the need of an attorney. *In re Carr*, 2012 Bankr. LEXIS 1161, at *5.

## Conclusion

The Court concludes that the fees, costs, and charges described in the Notice are not separately recoverable against the Debtors. Provision for the recovery of those expenses was previously resolved in the Consent Order endorsed by the parties and entered by the Court. The expenses adjudicated in the Consent Order are now being paid through the Debtors' confirmed Amended Plan. To the extent that any discrepancy exists between the Consent Order and the Notice, the Consent Order controls. The Consent Order served to adjudicate the full extent of the Debtors' liability occasioned by their postpetition default.

The Court further concludes that the Chapter 13 Trustee has no obligation to make payments from estate property based upon notices filed under Bankruptcy Rule 3002.1 to supplement proofs of claim. The Trustee is only authorized to make payments based upon proofs of claim filed under § 501 of the Bankruptcy Code that are allowed under § 502 of the Bankruptcy Code or upon specific order of the Court. A notice filed under Bankruptcy Rule 3002.1 to supplement a proof of claim is filed for informational purposes only and does not constitute or otherwise amend the proof of claim it is filed to supplement.

A separate order shall issue.

ENTERED: __Apr 17 2012__

Entered on Docket:   Apr 18 2012

                                                          /s/Kevin R. Huennekens
                                      UNITED STATES BANKRUPTCY JUDGE